# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL 502 HEALTH AND WELFARE TRUST FUND; PLUMBERS AND PIPEFITTERS LOCALS 502 & 633 PENSION TRUST FUND; PLUMBERS AND PIPEFITTERS LOCAL 502 JOINT EDUCATIONAL & TRAINING FUND; MECHANICAL INDUSTRY PROMOTION FUND OF KENTUCKY; PIPING INDUSTRY COOPERATIVE OF KENTUCKIANA; and PLUMBERS, PIPEFITTERS AND SERVICE TECHNICIANS LOCAL 502,<br><br>        Plaintiffs,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC. A Delaware Corporation,<br><br>        Defendant. | Civil Case No. 3:21-cv-155-GNS<br><br>(Electronically Filed) |

## COMPLAINT

NOW COME the Plaintiffs, PLUMBERS AND PIPEFITTERS LOCAL 502 HEALTH AND WELFARE TRUST FUND *et al*., by and through their counsel, Dennis Johnson of Johnson & Krol, LLC, complaining of Defendant HONEYWELL INTERNATIONAL, INC., and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as

  well as 28 U.S.C. § 1331.

2.  Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PLUMBERS AND PIPEFITTERS LOCAL 502 HEALTH AND WELFARE TRUST FUND ("Welfare Fund"), the PLUMBERS AND PIPEFITTERS LOCALS 502 & 633 PENSION TRUST FUND ("Pension Fund") and the PLUMBERS AND PIPEFITTERS LOCAL 502 JOINT EDUCATIONAL & TRAINING FUND ("Training Fund") (collectively "Trust Funds") are administered at 1313 Berry Boulevard, Louisville, Kentucky 40215, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Western District of Kentucky, Louisville Division.

## PARTIES

3.  The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the PLUMBERS, PIPEFITTERS AND SERVICE TECHNICIANS LOCAL 502 ("Local 502") and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

4.  The MECHANICAL INDUSTRY PROMOTION FUND OF KENTUCKY ("Promotion Fund") and the PIPING INDUSTRY COOPERATIVE OF KENTUCKIANA ("LMCC") are funds organized for the benefit of the piping industry that are administered in Louisville, Kentucky.

5.  Local 502 is the bargaining representative of HONEYWELL INTERNATIONAL, INC.'s ("Honeywell") bargaining unit employees.

6.  Honeywell is a Delaware corporation with its principal place of business located at 300 South Tryon Street, Charlotte, North Carolina 28202.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

7. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. Honeywell is an employer engaged in an industry affecting commerce that agreed to be bound by a National Installation & Service Agreement ("NISA") with the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada. (A copy of the NISA is attached hereto as **Exhibit 1**).

9. Sections 10.1 and 10.2 of the NISA provide in relevant part as follows:

    10.1   For Employees performing construction work covered by of this Agreement, wage rates, hours of work, workmen's compensation, shift premiums, reporting pay premiums, pay differentials, and contributions or deductions for plans, programs, or funds, for Union dues, pensions, health and welfare, training, International Training Fund ("ITF"), vacations and holidays, supplemental unemployment benefits, sick pay, severance pay and industry promotion shall be in accordance with those established for all employees in local union construction agreements, negotiated by the local union of the United Association and the historically recognized local contractor's bargaining group.

    10.2   For Employees performing service work covered by this Agreement, wage rates, hours of work, workmen's compensation, shift premiums, reporting pay, premiums, pay differentials, overtime rates, holiday pay, and contributions or deductions for plans, programs, or funds, for union dues, pensions, health and welfare, training, ITF, vacations and holidays, supplemental unemployment benefits, sick pay, severance pay and industry promotion shall be in accordance with those established in bona fide local union service agreements or applicable "Schedule A."

    (**Exhibit 1**).

10. The wages and benefit rates payable to the Trust Funds, Promotion Fund and LMCC for work performed within Local 502's trade and territorial jurisdiction are established by Local 502 and the Mechanical Contractors Association of Kentucky ("MCAKY") pursuant to an area wide collective bargaining agreement.  (A copy of the Collective Bargaining

Agreement ("CBA") is attached as **Exhibit 2**); (A copy of the current wages and benefit rates agreed by Local 502 and the MCAKY is attached as **Exhibit 3**).

11. Section 10.5 of the NISA provides in relevant part as follows:

> In agreeing to pay fringe benefit funds as required by this Agreement, the Employer hereby adopts and agrees to be bound by the written terms of such legally established local trust agreements and the International Training Fund ("ITF") trust agreement specifying the detailed basis on which payments are to be made into, and benefits paid out of, such trust funds.

(**Exhibit 1**).

12. Through the NISA, Honeywell became bound to the Agreements and Declarations of Trust that created and govern the Trust Funds (hereinafter referred to as the "Trust Agreements"). (A copy of the Pension Fund's Trust Agreement is attached as **Exhibit 4**); (A copy of the Welfare Fund's Trust Agreement is attached as **Exhibit 5**).

13. Pursuant to the power granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted the Collection Policy/Audit Procedures. (A copy of the Collection Policy/Audit Procedures is attached as **Exhibit 6**).

14. Pursuant to Section 502(g)(2) of ERISA, the NISA, the Trust Agreements and the Collection Policy/Audit Procedures, employers that fail to pay contributions to the Trust Funds, Promotion Fund and the LMCC by the twenty-first (21st) day of the month immediately following the month in which the work was performed, a one-time charge of ten percent (10%) ("liquidated damages") is assessed against all delinquent contributions. (**Exhibit 6**).

15. Pursuant to Section 502(g)(2) of ERISA, NISA, the Trust Agreements and the Collection Policy/Audit Procedures, employers that fail to submit their monthly contribution reports and contributions to the Trust Funds, Promotion Fund and the LMCC by the tenth (10th)

day (or the next business day thereof) of the month immediately following the month in which the work was performed, interest at the rate of one percent (1%) per month from the original due date is charged until the contributions are paid in full.  (**Exhibit 6**).

16. Honeywell is required to deduct dues and other check-off deductions ("union dues") from its covered employees' paychecks and remit the union dues to Local 502 on a monthly basis.

17. Pursuant to the Article VIII, Section 1 of the Trust Funds' respective Trust Agreements:

    > Each Employer will promptly furnish to the Trustees, upon request, any and all records of his employees . . . and any other payroll records or financial information that the Trustees may require in order to determine the accuracy of the Employer's remittance of Employer Contributions.

    (**Exhibit 4**; **Exhibit 5**).

18. Section III.3 of the Collection Policy/Audit Procedures states as follows:

    > If the Employer fails to respond to the payroll compliance auditor after reasonable attempts, the auditor shall promptly notify the TPA and Collection Counsel.  Collection Counsel will issue a written demand and if necessary, initiate litigation to compel the payroll audit.  If Collection Counsel is required to initiate litigation, the Employer shall be responsible for the attorney's fees and costs incurred by the [Trust] Funds.

    (**Exhibit 6**).

19. Section III.5 of the Collection Policy/Audit Procedures states as follows:

    > In the event a payroll compliance audit discloses a contribution deficiency that exceeds 3% of the Employer Contributions required for that period, or in the auditor's opinion, the deficiency was caused by anything other than an inadvertent clerical error, the Employer shall be held responsible for the costs of the payroll compliance audit, including all liquidated damages and interest charges, unless otherwise waived by the Board of Trustees, or a duly appointed Collections Subcommittee.

    (**Exhibit 6**).

20. The right of the Trust Funds to examine payroll records includes the ability to review the records of *all* of Louisville Mechanical's employees, even those that are not members of

Local 502 pursuant to *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985).

21. The Trust Funds sought to audit Honeywell pursuant to the Trust Agreements.

22. The Plaintiffs' auditors, Legacy Professionals, LLP (hereinafter "the Auditors"), requested employee classifications and job cost records from Honeywell for the audit period of January 1, 2018, through December 31, 2019.

23. Honeywell has refused to produce the records requested by the Auditors in furtherance of the payroll compliance audit.

24. The Plaintiffs have made repeated demands for Honeywell to produce records necessary to complete the payroll compliance audit.

25. Honeywell is obligated to pay whatever contribution deficiencies may be revealed by the payroll compliance audit, along with the resulting liquidated damages and interest.

26. The Plaintiffs have been required to employ the undersigned attorneys to compel Honeywell to comply with the payroll compliance audit.

27. The Plaintiffs have complied with all conditions precedent in bringing this suit.

28. Honeywell is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the NISA, the Trust Agreements, Collection Policy/Audit Procedures, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter an Order requiring Honeywell to produce all records necessary for the auditors to complete a payroll compliance audit for the period of January 1, 2018, through December 31, 2019;

B.     That Judgment be entered in favor of Plaintiffs and against Defendant Honeywell in an unknown amount for any and all contributions and union dues revealed in the payroll compliance audit, along with the resulting liquidated damages and interest;

C.     That Judgment be entered in favor of Plaintiffs and against Defendant Honeywell in an unknown amount for any and all audit fees associated with the payroll compliance audit pursuant to the Collection Policy/Audit Procedures;

D.     That Judgment be entered in favor of Plaintiffs and against Defendant Honeywell for any other contributions, union dues, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced in paragraphs B and C above;

E.     That Defendant Honeywell be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements, Collection Policy/Audit Procedures, and 29 U.S.C. §1132(g)(2)(D); and

F.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant Honeywell's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

/s/ Dennis R. Johnson
Dennis R. Johnson (KY Bar No. 96387)
Johnson & Krol, LLC
311 S. Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 372-8587
johnson@johnsonkrol.com

*Attorney for Plaintiffs*